Juan Canals González, Plaintiff and Appellee, *v.* Epifanio Vidal et al., Defendants, and The Great American Indemnity Company, Defendant and Appellant.

No. 7927. Argued December 7, 1939.—Decided April 3, 1940.

*J. Valldejuly Rodríguez* for appellant. *García Méndez & García Méndez* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

In the damage suit brought by Juan Canals González against Epifanio Vidal, Silverio V. Laguerra and the Great American Indemnity, the District Court of Aguadilla, on August 30, 1935, rendered judgment for the plaintiff and ordered Silverio V. Laguerra and the Great American Indemnity Co. to pay jointly $625.82; also ordered Laguerra to pay $95.00 to the plaintiff; and imposed costs, including attorney's fees, upon both defendants. The third defendant, Vidal, was discharged, without costs.

The Indemnity Company appealed and this court affirmed the judgment of the lower court. *Canals v. Vidal*, 53 P.R.R. 199. (By a printer's mistake it appears at the head of the published report that the judgment of the lower court did not include costs. From the opinion of Chief Justice Del Toro, however, it can be seen that costs were imposed namely "con más las costas, gastos y honorarios de abogado." *Canals v. Vidal, supra,* page 203.)

A motion of reconsideration was denied on May 31, 1938.

On June 4, 1938, the Secretary of the District Court received the remittitur.

On June 9, 1938, the plaintiff filed his memorandum of costs which included $32.61 for various expenses and $1,250 for attorney's fees. According to a certification by the plaintiff's attorneys, on that same date they sent a copy thereof to the defendants. On the day set for the hearing, a receipt from the post office was introduced in evidence to that effect.

The Great American Indemnity Company filed an opposition to the memorandum of costs dated June 21. The court set the hearing thereon for July 1.

The Great American Indemnity Co. sent a written submission of its opposition.

At the hearing the plaintiff moved to strike out the opposition for being filed out of time. The court reserved its decision and the plaintiff offered evidence in support of the memorandum.

On July 15th the court issued an order whereby the opposition was stricken out for being filed out of time; but nevertheless, considered the memorandum, and cut one of the items in half—the plaintiff had asked $2.44 for traveling expenses of a witness. The court granted $1.22. All the other items were considered, found reasonable and approved.

As to the amount claimed for attorney's fees, the court said that it would take into consideration various matters which we shall now take up.

It granted $500 as attorney's fees: a total amount of $531.39 to be paid jointly and severally by Laguerra and the Great American Indemnity Company.

The Indemnity Company appealed. According to the notice thereof the appeal runs from the order of the court approving the memorandum of costs. Supposing that the order included a dismissal of the defendant's opposition, no appeal therefrom is included in the notice. And although the defendant-appellant says, in its brief, that the copy of the memorandum was received on June 12th, thus making it appear that the opposition was filed in time, it is not charged that the lower court erred in dismissing the opposition. The only error assigned is:

"Abuse of discretion in approving the items of the memorandum and in fixing the amount of $500 as attorney's fees."

However, in the discussion the defendant's arguments are solely directed to the attorney's fees.

■ The appellant says that the court should not have taken into consideration the ability of the plaintiff's attorneys. He says the same thing later. We think such ability might play a part in the court's determination.

The fact that the plaintiff's attorneys are men of great ability who specialize in insurance cases might also play a role. Reference may be had to the case of *Sucn. Franceschi* v. *M. Mercado e Hijo,* 41 P.R.R. 395.

■ So that the credit, reputation and standing of the attorneys may be taken into consideration in fixing attorney's fees.

The appellant answers the court's reason number 2—that at the trial the evidence was from the plaintiff and none from the defendants—by saying that the defendants did present evidence.

The transcript of evidence contains 169 pages. One hundred and sixty-one pages are covered by the plaintiff's evidence. The defendants' evidence, in the last eight pages,

consists of a certificate of the Department of the Interior showing that the defendant Epifanio Vidal was owner of the automobile at the time of the accident; and the testimony of Julio Vidal, brother of the aforesaid Epifanio. All this evidence was to the effect that the automobile was not being used by Vidal in an enterprise or business, but privately. It led to his discharge and his exemption from liability. But no evidence was presented on behalf of the other defendants, Laguerra and the Great American Indemnity Company. And when the lower court imposed costs against the latter it probably took into account, not the evidence presented on behalf of their codefendant Vidal but the lack of evidence in support of their case.

█ The appellant says that the fact that its motion to strike out was frivolous should not be taken into consideration —in case it was frivolous, which it denies—because if it was, the other party had no trouble in quashing it.

A frivolous motion to strike out, taken together with the fact that the defendants filed a long answer, and then failed to present evidence, all may tend to lead the judge of the lower court to the conclusion that the defendants deliberately obstructed the plaintiff's claim, and acted rashly. In the imposition of costs a party's guilt in hindering and delaying a suit may be taken into consideration. The defendants' motions which delay the proceeding, take the time of the plaintiff's attorney and he has to work more.

█ As to the fourth reason, the appellant maintains that the attorneys had no trouble preparing briefs for the lower court; that the case was a simple one for damages in which the claim was for $905 and in which $625 were granted.

In the transcript of evidence brought to this court in the incident of costs, it appears that at the hearing on the memorandum briefs were presented in evidence. The defendant's brief covers 44 pages. The plaintiff's answering brief covers 17 pages. These briefs led the district judge to write an opinion which covers over eleven pages of the

record. The judgment was fully affirmed by this court (53 P.R.R. 210) and Chief Justice Del Toro writing the opinion, copies a part of what the lower court says. It is evident that the issues were carefully studied by the plaintiff's attorneys.

It is also in point to say that in his brief the appellant refers a number of times to the judgment and says that it was for $625. The judgment was for $720.82—or $185 less than the claim.

■■ As to the sixth reason given by the court, that in this case fees were contingent (*eventuales*), the appellant says that it does not understand what the court means by that and we find it unnecessary to discuss.

The appellant also raises the point that the appellee did not prove that he had paid $500 to his attorney. In reality as we have decided, attorney's fees belong to the client. *Casals* v. *Rosario*, 34 P.R.R. 73.

The order appealed from should be affirmed.